PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JEFFREY BORNSTEIN (CABN 99358)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7289
    FAX: (415) 436-7234
    Jeffrey.bornstein@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TOMMY BRUCE ISAAC, <br><br> Defendant. | NO. 3:19-CR-0031-WHO <br><br> **UNITED STATES SUPPLEMENTAL SENTENCING MEMORANDUM** <br><br> Date: April 24, 2025 <br> Time: 1:30 p.m. <br> Court: Hon. William H. Orrick |

### INTRODUCTION AND SUMMARY

The United States agrees with Probation and stands by its recommended sentence of 46 months. See Original Sentencing memorandum at DKT 106. Such a sentence is sufficient but not harsher than necessary to accomplish all the sentencing factors under 18 U.S.C.§ 3553 a.

**Offense Conduct**

On November 29, 2018, at approximately 12:30 a.m., a victim reported to officers at San Francisco Police Department that an individual sitting on a crate at the intersection of Leavenworth Street and Ellis Street in San Francisco had brandished a semi-automatic firearm at him. The victim reported the individual said "I'm gonna put a cap in you." The victim believed the individual was going to shoot him and he was in fear for his life. Officers proceeded to the intersection of Leavenworth and Ellis Streets approximately 10

minutes after the victim's report, and observed Tommy Isaac, matching the physical and clothing description given by the victim standing in front of crates at that intersection. When the police arrived at the scene, they saw Mr. Issac and attempted to detain him. He refused to cooperate, fled, tripped over his pants and the gun fell out of his waistband before he was apprehended. He also had suspected methamphetamine when they finally took him into custody. PSR at ¶ 10. At the time of Mr. Isaac's arrest, he was on parole following a conviction for a crime of violence for Force/Assault Deadly Weapon Not Firearm: Great Bodily Injury pursuant to Cal. Penal Code 245(a)(1) in Santa Clara County Superior Court Docket Number C1119641. PSR at ¶ 12.

The Defendant pled guilty without a plea agreement and was released from custody to seek drug treatment on the eve of his original sentencing. Over the objection of the United States, the Court allowed him to participate in a 90-day program at New Bridge and to participate in what was then ATIP, now Cap, in November 2019. He had lots of chances in ATIP but continued to use drugs. Despite numerous chances and different programs and living environments, nothing worked. The Court finally terminated him from ATIP (CAP) after he was arrested on December 9, 2020, with another person, allegedly with identification documents and/or information concerning 10 or more people and in possession of methamphetamine. He failed to appear for his court date in July 2021 in San Mateo. PSR at ¶47.

On October 21, 2021, the defendant was scheduled for Sentencing before this Court, but did not appear. He was given another opportunity to report the following day, on October 22, 2021, and again willfully failed to appear for Sentencing. PSR at ¶ 14.

**Sentencing Guidelines**

The United States agrees with the Sentencing Guidelines as calculated by US Probation. They are as follows:

| | |
|---|---:|
| Base Offense Level | 20 |
| Specific Offense Adjustment for the weapon being stolen | +2 |
| Obstruction of Justice for failing to appear for sentencing | +2 |
| Reduction for Acceptance of Responsibility | -3 |
| **Total Offense Level** | **21** |

Mr. Isaac has a Criminal History Category III. From what probation has found, despite other arrests in the intervening years, there do not appear to be any a new convictions. The Applicable Sentencing Range is 46-57 months.[1]

**THE UNITED STATES STANDS BY ITS SENTENCING RECOMMENDATION**

During the updated presentence interview, although the defendant did not provide a new formal statement, he indicated he relapsed around the time of his original sentencing hearing; however, he said he is ready to move on with his life. He noted he thinks about his parents and wants to be out in the community so he can be a good role model to his children. PSR at 16.

It is truly unfortunate, that despite all the opportunities he asked for and obtained, Mr. Issac has so far failed to find the willpower and strength to follow through on his intentions. It is hard to seek punishment for someone who is trying but who has been unsuccessful in all the efforts he has made and all the chances he has received over the years. And yet, at some point, we need to keep our community safe and sending someone to prison because of the danger they pose to others is the appropriate sentence to impose.

While one can only hope that Mr. Issac will take advantage of the programs the BOP has to offer and that his self-expressed desire to be a good role model for his children will guide him throughout his prison time and then when he is on supervised release, there aren't any other options under all the circumstances of this case. With that in mind, we stand by our original recommendation of 46 months.

**CONCLUSION**

For the reasons detailed in the Revised PSR and those set forth above, the United States joins in Probation's recommended sentence of 46 months in custody, with the recommendation of the RDAP program, followed by a term of supervised release of three years, a $100 special assessment, the forfeiture of the gun and ammunition and all the other standard and special and conditions of supervised release to include drug testing and treatment, mental health counseling and treatment, a stay away order

---

[1] At the time of the original sentencing, he was in a Criminal History Category IV according to what to the Original PSR provided, at least according to the filed Memorandum filed by the United States. See Dkt. 106 (US Sentencing Memo at Page 5 discussing the applicable Guideline Calculations).

USA SUPPLEMENTAL SENTENCING MEMO
3:19-CR-0031-WHO                3

1  from San Francisco and a suspicionless search condition and those other conditions recommended by
2  Probation.

3  DATED:  April 22, 2025            Respectfully Submitted,

4                                     PATRICK D. ROBBINS
                                   Acting United States Attorney

                                   /s/
                                   JEFFREY BORNSTEIN
                                   Assistant United States Attorney